IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK M. LONG,**

      Plaintiff,

  vs.                                          Civil Action 2:15-cv-1616
                                                        Judge Frost
                                                        Magistrate Judge King

**GARY MOHR,** *et al.*,

      Defendants.

<u>ORDER AND
REPORT AND RECOMMENDATION</u>

    Plaintiff, a state inmate currently housed at the Madison Correctional Institution ("MaCI"), filed this civil rights action on May 6, 2015 against 41 employees of MaCI and the Ohio Department of Rehabilitation and Correction ("ODRC"). This matter is now before the Court for consideration of several motions filed by plaintiff on July 22, 2015.

    First, plaintiff has filed a motion to appoint counsel. *Motion to Provide Counsel*, ECF 7. Plaintiff represents that he "does not have the funds to provide it's [sic] own counsel." *Id*. Because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the *Motion to Provide Counsel*, ECF 7, is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757, 760 (6th Cir. 1985) ("[I]n considering an application for appointment of counsel, district courts should

1

consider plaintiff's financial resources, the efforts of plaintiff to obtain counsel, and whether plaintiff's claim appears to have any merit.").

Plaintiff's second motion is a motion to amend the *Complaint*. ECF 8. Plaintiff seeks "to revise the complaint if the file date of 5-6-15 will remain the file date after filing the revised complaint," but "if the date of 5-6-15 will change to the revised complaint date upon filing the revised complaint, then disregard this motion." *Id*. It appears that plaintiff may be attempting to amend the *Complaint* to demand a jury trial. However, plaintiff did not include a copy of his proposed amended complaint with his motion and the purpose of the amendment is not entirely clear from his motion. Considering the nature of plaintiff's request and the uncertainty of the proposed amendments, plaintiff's motion to amend, ECF 8, is **DENIED without prejudice to renewal upon the tender of the proposed amended complaint**. *See* Fed. R. Civ. P. 15(c).

Plaintiff has also filed a *Request for Injunction*, ECF 9. Plaintiff's motion seeks an order requiring defendant Gary Mohr, the Director of ODRC, to transport plaintiff "to the U.S. Courthouse, Office of the Clerk, to deliver paper filings in person due to the hardship of U.S. mail delivery cost." *Id*. Plaintiff asks that the order permit plaintiff "to be transported to the courthouse as often as needed to deliver paper filings, and this transport occur within 24 hrs. of advising DRC staff." *Id*. Plaintiff represents that he cannot

pay for "daily needs, federal filing fees, and mail delivery cost of civil action paperwork at the same time." *Id*.

Rule 65 of the Federal Rules of Civil Procedure permits a party to seek injunctive relief if he believes that he will suffer irreparable harm or injury without such relief. Fed. R. Civ. P. 65(a), (b). Where, as here, the adverse party has not received written or oral notice, a temporary restraining order may issue only if, *inter alia*, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b). Here, plaintiff has not offered any evidence in support of his request for an injunction and he has not shown that immediate and irreparable injury will result before defendants can be heard in opposition.

Plaintiff has also filed a motion requesting that his *Request for Injunction* and motion to amend be "forward[ed] . . . to counsel for the defendants." *ECF* 10. Were defendants to receive notice of plaintiff's *Request for Injunction*, the motion would be treated as one for a preliminary injunction. *See* Fed. R. Civ. P. 65(a); *Rios v. Blackwell*, 345 F. Supp. 2d 833, 835 (N.D. Ohio 2004) ("As long as there is notice to the other side and an opportunity to be heard, the standard for a preliminary injunction is the same as that for a temporary restraining order."). The decision whether or not to grant a request for interim injunctive relief falls within the sound discretion of the district court. *Friendship Materials, Inc. v. Mich.*

3

*Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982); *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).  An injunction, however, is an extraordinary remedy that should be granted only after a court has considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)(citing *McPherson v. Mich. High Sch. Athletic Ass'n*, *Inc.*, 119 F.3d 453, 459 (6th Cir. 1997)).  These four considerations are factors to be balanced.  *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001).  Here, all of the factors weigh against granting the requested injunction.  Most notably, plaintiff has not provided any evidence in support of his motion and he does not argue that he will suffer irreparable injury absent a preliminary injunction.  Moreover, the extraordinary remedy sought by plaintiff would cause a substantial hardship to ODRC and would not serve the public interest.  It is therefore **RECOMMENDED** that plaintiff's *Request for Injunction*, ECF 9, be **DENIED**.

Defendants have not been served with process and no appearance has been made by or on behalf of defendants.  Plaintiff's motion asking that his *Request for Injunction* and motion to amend be forwarded to defense counsel, ECF 10, is therefore **DENIED**.  Once defense counsel enters an appearance, counsel will receive electronic

notice of all documents filed in this case.

In sum, plaintiff's *Motion to Provide Counsel*, ECF 7, is **DENIED** without prejudice to renewal at a later stage of the proceedings, plaintiff's *Motion to Amend*, ECF 8, is **DENIED** without prejudice to renewal upon the tender of the proposed amended complaint, and plaintiff's motion asking that his *Request for Injunction* and motion to amend be forwarded to defense counsel, ECF 10, is **DENIED.** It is **RECOMMENDED** that plaintiff's *Request for Injunction*, ECF 9, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976,

984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


August 7, 2015                             *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                         United States Magistrate Judge