**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**MARK M. LONG,**

        **Plaintiff,**

    **vs.**                                **Civil Action 2:15-cv-1616
Judge Frost
Magistrate Judge King**

**GARY MOHR, *et al.*,**

        **Defendants.**


## REPORT AND RECOMMENDATION

Plaintiff, a state inmate currently housed at the Madison Correctional Institution ("MaCI"), filed this civil rights action on May 6, 2015 against 41 employees of MaCI and the Ohio Department of Rehabilitation and Correction ("ODRC"). This matter is now before the Court on plaintiff's *Motion for Default Judgment against All Defendants*, ECF No. 28.

In his motion, plaintiff argues that the defendants served with process failed to respond to the *Complaint* within twenty-one days. *Motion for Default Judgment against All Defendants.*  However, the Court granted all defendants forty-five (45) days after service of process to respond to the *Complaint*. *Initial Screen of the Complaint*, ECF No. 4. Many (but not all)of the defendants were served with process on September 3 or 4, 2015, *see Summons Returned Executed*, ECF No. 16 - 19, and their responses were therefore due by October 19, 2015. On that date, the responding defendants filed the *Motion to*

*Dismiss for Failure to State a Claim,* ECF No. 23. The defendants who have been served with process are therefore not in default.

It is therefore **RECOMMENDED** that plaintiff's *Motion for Default Judgment against All Defendants*, ECF No. 28, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those

objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 14, 2015                          *s/Norah McCann King*
                                       Norah MᶜCann King
                                  United States Magistrate Judge