```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


MARK M. LONG,

              Plaintiff,

                                      Case No. 2:15-cv-01616
     v.                               Judge Frost
                                      Magistrate Judge King
GARY MOHR, et al.,

              Defendants.
```

## ORDER AND
## <u>REPORT and RECOMMENDATION</u>

This is a civil rights action under 42 U.S.C. § 1983 in which plaintiff, an inmate at the Madison Correctional Institution ("MaCI"), alleges that defendants violated his constitutional rights by denying him medical and dental care, by retaliating against him, by filing false reports against him, by punishing him for acting in self-defense, and by violating his right to free speech. *Complaint*, ECF No. 3. The *Complaint* seeks injunctive and monetary relief and refers to 41 defendants, some of whom are referred to only by pseudonym. This matter is before the Court on the motion to dismiss filed on behalf of the 26 defendants who have been served with process in this action. *Motion to Dismiss of Served Defendants*, ECF No. 23 ("*Defendants' Motion*").[1] Plaintiff has filed a response in opposition to *Defendants' Motion*. *Plaintiff's Memorandum in Opposition to Defendants* [sic]

---

[1] The defendants who have been served with process and who have moved to dismiss are defendants Eddy, Magnuson, Mohr, Neufeld, Pfaff, Richard, Schaefer, Brunsmen, Conley, Gilespie, Harley, Portis, Rannes, Yost, Beard, Berchtold, Patterson, Varner, Louk, Joshua Lyon, Dakota Lyon, Neininger, Parks, Plantz, Willingham, and Wilson.

1

*Motion to Dismiss*, ECF No. 29 ("*Plaintiff's Response*"). For the following reasons, it is recommended that *Defendants' Motion* be **DENIED** in part and **GRANTED** in part.

## I. STANDARDS

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46(1957)). Although a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly,* 550 U.S. at 555; *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting *Twombly,* 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a) (2)).

Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must allege that the deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir.1996). Because § 1983 is a method for vindicating federal rights, and is not itself a source of substantive rights, the first step in analyzing the sufficiency of a claim under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

**II. DISCUSSION**

**A. Alleged Denial of Medical and Dental Care**

Plaintiff's first claim relates to the alleged denial of medical and dental care. *Complaint*, PAGEID# 25, 27-28. Plaintiff specifically alleges that he was denied "surgery for necrosis of the left hip, requiring a hip replacement as per several orthopedic surgeons at Mt. Carmel West Hosp.," *id*., as well as "several other medical issues not fully investigated and allowed to linger untreated." *Id*. at PAGEID# 27. Plaintiff also alleges that he was required to wait 1 year for dental care, that some cavities were not repaired, and that he was

3

"denied full partial dentures." *Id*. Plaintiff also alleges that, when he complained about his care, his grievances were not handled properly and he was subjected to retaliation, which is otherwise unspecified. *Id*. at PAGEID# 27-28.

The Eighth and Fourteenth Amendments to the United States Constitution proscribe "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The Constitution does not, however, prohibit medical malpractice within the prison context. *Id.; Webster v. Jones*, 554 F.2d 1285, 1286 (4th Cir. 1977); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1081 (3d Cir. 1976). Of course, a dispute over the course of medical treatment is likewise not actionable under §1983. *Young v. Gray*, 560 F.2d 201 (5th Cir. 1977). On the other hand, the needless suffering of pain when relief is readily available gives rise to a cause of action against those whose deliberate indifference caused the inmate's unnecessary pain. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976). Moreover, an inmate can state a colorable claim under §1983 even if it is alleged that the difference to his medical needs existed for only a short period of time. *Byrd v. Wilson*, 701 F.2d 592 (6th Cir. 1983).

There are two parts to a claim of failure to provide health care to an inmate, one objective and the other subjective. *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 833 (1994)). In order to satisfy the objective component, the inmate must demonstrate the existence of a sufficiently serious medical need. The United States Court of Appeals for the Sixth Circuit has explained that a condition is "sufficiently serious" when the need

4

for medical care is obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899-900 (6th Cir. 2004). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The requisite state of mind "entails something more than mere negligence" but "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835.

The *Complaint* alleges that defendants Eddy and Yost "voted to deny me hip replacement surgery. . . ." *Id.* at PAGEID# 27.[2] This Court concludes that, as it relates to this claim as against defendants Eddy and Yost, the *Complaint* states a claim upon which relief can be granted.

The *Complaint* also alleges that defendant Gary Mohr, "as the Director of ODRC [Ohio Department of Rehabilitation and Correction]," is also responsible for the actions of "all staff," *id.,* and that defendant "Richard" (identified as the current warden at MaCI) "is fully responsible for actions or lack thereof of all staff and turned a blind eye," *id*. at PAGEID# 28.[3] A supervisor may not be held liable under 42 U.S.C. §1983 for the alleged misconduct of subordinates unless "the plaintiff demonstrates that 'the supervisor encouraged the

---

[2] The *Complaint* also alleges that defendant Gardner participated in this decision. *Id.* However, defendant Gardner has not been served with process.
[3] The *Complaint* also names Rod Johnson, the former MaCI warden, as a defendant in connection with this claim. *Complaint*, PAGEID# 28. However, this defendant has not been served with process.

5

specific incident of misconduct or in some other way directly participated in it.'" *Combs v. Wilkinson*, 315 F.3f 548, 554 (6th Cir. 2002) quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "'At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.*, quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). Liability on the part of a supervisor must be based on "active unconstitutional behavior." *Id.*, citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Because it purports to base the liability of defendants Mohr and Richard on only their roles as supervisors, the *Complaint* fails to state a claim for relief against these defendants.

Plaintiff alleges that defendants Neufeld (identified as the MaCI institutional medical director), Oppy (identified as the former MaCI Health Care Administrator), and Magnuson and Curtiss (identified as MaCI nurses) "failed to provide medical care, including pain meds, cane for walking. . . ." *Complaint*, PAGEID# 27. This allegation is sufficient to state a claim for relief against these defendants. Other allegations against these defendants, *i.e.,* failure to record plaintiff's medical complaints and failure "to send all records to Columbus," *id.*, fail to state a colorable claim of denial of medical care.

The *Complaint* alleges that defendant Rannes, a dentist at MaCI, delayed plaintiff's treatment for one year, failed to repair all cavities and denied plaintiff "full partial dentures." *Id*. [sic]. As a result, plaintiff alleges, his teeth and gums were damaged. This

6

allegation is sufficient to state a claim for relief against defendant Rannes.

The *Complaint* also appears to assert this claim against certain defendants based on alleged failures to resolve to his satisfaction plaintiff's grievances regarding his health care. Plaintiff specifically alleges that defendants Parish and J. Robinson (identified as former MaCI Institutional Inspectors), and defendant J. Glispie (identified as the current MaCI Institutional Inspector) "failed to examine all medical records" and "denied appeals/grievances," *id*., and that defendants Mona Parks and John Doe #6 (identified as the ODRC Assistant Chief Inspector and Chief Inspector, respectively) ignored records and claims "in favor of staff and ODRC," *id*. at PAGEID# 28. However, a state prison inmate does not have an inherent constitutional right to an effective prison grievance procedure. *Young v. Gundy*, 30 Fed.Appx. 568, 569–70 (6th Cir. 2002), citing *Antonelli v. Sheahan,* 81 F.3d 1422, 1430–31 (7th Cir. 1996); *Walker v. Michigan Dept. of Corrections*, 128 Fed. Appx. 441, 2005 WL 742743, **3 (6th Cir. April 1, 2005). *See also Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003); *Keenan v. Marker*, 23 Fed.Appx. 405, 407 (6th Cir. 2001); *Mays v. Wilkinson,* 181 F.3d 102 at *1 (6th Cir. 1999*).* Prison officials are not obligated to respond to an inmate's grievances in a way satisfactory to the inmate*. Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, *3 (6th Cir. 2000). Plaintiff has failed to state a claim for relief against these defendants.

**B. Alleged Retaliation**

Plaintiff's second claim alleges a violation of his "due process and equality," stemming from reprisals against plaintiff. *Complaint*, PAGEID# 25-26. Specifically, plaintiff alleges that, in response to plaintiff's complaints of misconduct, 33 defendants (primarily MaCI corrections officers and the Director of ODRC[4]) "ignore[d] evidence or manufacture[d] evidence to have [plaintiff] punished unjustly." *Id.* at PAGEID# 26, 28. This claim is entirely devoid of factual allegations and amounts to no more than labels and conclusions. These allegations are insufficient to state a claim upon which relief can be granted. *See Twombly,* 550 U.S. at 555; *Ashcroft,* 556 U.S. at 678.

**C. Prison Disciplinary Proceedings**

In the third count of the *Complaint*, plaintiff alleges that defendants failed to "provide for the safety and security of wards of the state," assaulted plaintiff with the intent to injure his left hip, and then conspired to cover up these actions by filing a false report and bringing false charges. *Complaint,* PAGEID# 26. Plaintiff refers to 39 defendants in connection with this claim, including the defendants who allegedly denied plaintiff's requested hip replacement and the warden of MaCI. *Id.* at PAGEID# 28.[5] Although this claim contains very few factual allegations, it appears that plaintiff intends to refer to prison disciplinary actions taken against him: in his requested relief in connection with this claim, plaintiff asks that "all actions by ODRC that found me guilty and is found by jury or

---

[4] Fourteen of these defendants have not been served with process.
[5] Of these defendants, fourteen have not been served with process.

court that I am not guilty, to order those records to be restored and marked not guilty." *Id.* at PAGEID# 30.

Plaintiff's fourth claim also appears to address disciplinary action taken against him. Plaintiff alleges that 12 defendants[6] violated his "right to selfdefense [sic]" by punishing him for "having to take fast action to prevent the attack of another inmate whom [sic] would have attacked causing severe injury or death. . . ." *Id.* at 26, 29.

Plaintiff's fifth claim appears to challenge the adequacy of disciplinary proceedings against him. Plaintiff alleges that defendants violated his right to free speech by instructing him to "shut-up" and by threatening him when he attempted to explain why he had been attacked. *Id.* at 26.

Prison disciplinary proceedings do not implicate a constitutionally protected liberty interest unless they affect the duration of the prisoner's confinement, or unless the restrictions impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484. Plaintiff alleges nothing that would give rise to a constitutionally protected liberty interest in connection with disciplinary proceedings against him.

It is therefore **RECOMMENDED** that the *Motion to Dismiss of Served Defendants*, ECF No. 23, be denied in part and granted in part. Specifically, as the motion relates to defendants Eddy, Yost, Rannes,

---

[6] Eight of the 12 defendants have not been served with process.

Neufeld, Oppy, Magnuson, and Curtiss in connection with plaintiff's claim of denial of medical and dental care, it is **RECOMMENDED** that the motion be denied. In all other respects, it is **RECOMMENDED** that the motion be granted.

The docket reflects that a number of defendants have not been served with process.  Plaintiff is **ORDERED** to demonstrate effective service of process on these defendants no later than April 29, 2016.  His failure to do so is likely to result in the dismissal, without prejudice, of any remaining claims asserted against these defendants. *See* Fed. R. Civ. P. 4(m).

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the

10

district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                               *s/  Norah McCann King*___
                                               Norah McCann King
                                               United States Magistrate Judge
March 29, 2016